UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY L. JONES and ANTONIO LYNN FLUKER,

    Plaintiffs,

v.

JONATHAN HEMINGWAY, J. GRIMSLEY, JON FISHER, JOHN POLKINGHORN, and C. GRIMM,

    Defendants.
_____/

Case No. 4:23-cv-10842
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION (ECF No. 5)[1]

### I.    Introduction

This is a civil rights case. Plaintiffs Ricky L. Jones (Jones) and Antonio Lynn Fulker (Fulker), proceeding *pro se*, are suing defendants Jonathan Hemingway, J. Grimsley, Jon Fisher, John Polkinghorn, and C. Grimm. Plaintiffs are a same-sex couple asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of their

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

First, Eighth, and Fourteenth Amendment rights stemming from defendants' refusal to allow them to marry while Fluker was housed at the federal correctional institution in Milan, Michigan. *See* ECF No. 13. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 18).

Before the Court is plaintiffs' motion for a temporary restraining order (TRO) and a preliminary injunction. (ECF No. 5). In their motion, plaintiffs request that the Court enter an order requiring defendants to allow them to marry. For the reasons set forth below, the undersigned RECOMMENDS that the motion be DENIED.[2]

## II.  Background

In March 2023, when plaintiffs mailed their complaint and later their motion for a TRO and a preliminary injunction, defendants were allegedly refusing to allow them to marry. (ECF No. 1, PageID.23-24; ECF No. 9, PageID.55; ECF No. 13, PageID.80). On May 5, 2023, the district court entered an order to show cause as to why the case should not be dismissed as moot, stating that "[b]ased upon representations made through Fluker's counsel in a criminal case pending in this Court, *see United States v. Fluker*, No. 21-20331, the Court understands that

---

[2] Motions for TROs and preliminary injunctions are dispositive, and thus the undersigned must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See Cook v. St. John Hosp. & Med. Ctr.*, No. 10-10016, 2010 WL 4137524, at *1 n.1 (E.D. Mich. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 4341192 (E.D. Mich. Oct. 27, 2010).

2

Fluker and Jones are now married." (ECF No. 7, PageID.46). Plaintiffs responded to the order to show cause, stating that plaintiffs were married on April 5, 2023, but that their case was not moot because they still seek money damages for their constitutional claims. (ECF No. 9, PageID.55-57).[3]

### III.   Legal Standard

Under Federal Rule of Civil Procedure 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." For a TRO, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: "(A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

### IV.   Application

The Clerk's Office issued summonses for defendants on August 31, 2023. (ECF Nos. 14, 15). To date, it is unknown whether any defendant has been served and no defendant has appeared in this case. Further, the docket does not reflect that plaintiffs gave defendants notice of their request for a preliminary injunction. Nor did plaintiffs certify in writing whether they tried to give defendants notice of

---

[3] The district court later vacated the order to show cause. (ECF No. 17).

their request for a TRO or explain why notice of their request should not be required.

Because plaintiffs did not follow the requirements of Rule 65, the extraordinary relief of a TRO and/or a preliminary injunction is unwarranted. *See Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *6 (E.D. Mich. Jan. 27, 2020), *report and recommendation adopted*, 2020 WL 1866096 (E.D. Mich. Apr. 14, 2020) (finding that a plaintiff's "motions [for a TRO and a preliminary injunction] are improper because she did not certify attempts at service or explain why notice of the motion should be dispensed with").

Additionally, in light of plaintiffs' marriage, it appears that their motion for a TRO and a preliminary injunction is now moot as the relief (an order permitting them to marry) they sought is no longer necessary.

Accordingly, plaintiffs' motion should be DENIED.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that plaintiffs' motion for a TRO and a preliminary injunction, (ECF No. 5), be DENIED.

Dated: September 18, 2023        s/Kimberly G. Altman
Detroit, Michigan                KIMBERLY G. ALTMAN
                                 United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without

merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2023.

                                                  s/Carolyn Ciesla
                                                  CAROLYN CIESLA
                                                  Case Manager