UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY L. JONES, and ANTONIO
LYNN FLUKER

    Plaintiffs,

v.

JONATHAN HEMINGWAY, J.
GRIMSLEY, J. FISHER, JOHN
POLKINGHORN, and C. GRIMM

    Defendants.
_____/

Case No. 2:23-cv-10842
Hon. Brandy R. McMillion

**ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 30), TERMINATING AS MOOT DEFENDANTS GRIMSLEY, FISHER, POLKINGHORN, AND GRIMM'S OBJECTION (ECF NO. 31), OVERRULING PLAINTIFF FLUKER'S OBJECTIONS (ECF NO. 36); GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 25), AND DISMISSING PLAINTIFFS' AMENDED COMPLAINT (ECF NO. 13)**

Plaintiffs Ricky Lynn Jones and Antonio Lynn Fluker (together, "Plaintiffs") filed this *pro se* action against Jonathan Hemingway, J. Grimsley, Jon Fisher, John Polkinghorn, and C. Grimm (collectively, "Defendants") asserting violations of their First, Eighth, and Fourteenth Amendment rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See generally* ECF No. 13. Plaintiffs' allegations concern the denial of their marriage and visitation requests, as well as harassment and threats of assault after they married. *Id.*

1

This case was originally assigned to the Honorable F. Kay Behm and referred to U.S. Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 18. The case was reassigned to the undersigned and re-referred to Magistrate Judge Altman for pretrial proceedings. ECF No. 29.

Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6) for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. ECF No. 25. The motion was fully briefed. *See* ECF No. 27-28. Magistrate Judge Altman issued a Report and Recommendation ("R&R") suggesting that the Court grant Defendants' motion and dismiss Plaintiffs' amended complaint because, among other things, it failed to state a cognizable *Bivens* claim. ECF No. 30. Defendant Grimsley, Fisher, Polkinghorn and Grimm timely filed an objection to the R&R asking the Court to accept the R&R to dismiss the complaint but overrule it to the extent that it found they were not entitled to qualified immunity. ECF No. 31. Plaintiffs filed a motion to extend time

2

to file their objections to the R&R, which the Court granted.  ECF No. 35.  Plaintiff Antonio Lynn Fluker filed an Objection to the R&R on July 24, 2024.[1]  ECF No. 36.

Having reviewed the objections and conducting a *de novo* review of the record and briefs, the Court concludes that Plaintiffs have failed to state a cognizable *Bivens* claim, and the case is dismissed on that ground.  Reaching that conclusion, the Court overrules Plaintiffs' objections and declines to consider Defendant Grimsley, Fisher, Polkinghorn and Grimm's objection offering no opinion with respect to the issue of qualified immunity.

Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 30), **TERMINATE AS MOOT** Defendant Grimsley, Fisher, Polkinghorn and Grimm's Objection to the R&R (ECF No. 31); **OVERRULE** Plaintiffs' Objection (ECF No. 36); **GRANT** Defendants' Motion to Dismiss (ECF No. 25); and **DISMISS WITH PREJUDICE** Plaintiffs' Amended Complaint (ECF No. 13).

## I.

Plaintiff Antonio Fuller was a pretrial detainee at the Federal Detention Center in Milan, Michigan (FDC Milan) and Plaintiff Ricky Jones is his civilian husband.

---

[1] The Objection is docketed on July 30, 2024; however, because Mr. Fulker is in custody, his filings are deemed to be filed on the date he signs and gives it to prison officials for mailing.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  Therefore, his objections are timely.

They have filed this *Bivens* action alleging that (1) defendants Fisher and Grimsley denied them the right to marry because they were a same-sex couple; (2) defendant Fisher denied them the right to visitation at FDC Milan because they were a same-sex couple; (3) defendants Grimm and Polkinghorn spread information to other inmates about their same-sex marriage and encouraged those inmates to assault Fluker. *See generally* ECF No. 13. Plaintiffs sued defendants in their official and individual capacities. *Id*. They sought injunctive relief relating to the marriage and visitation policies at FCD Milan and damages for the individual capacity claims. *Id*. at PageID.77-78.

Defendants filed a motion to dismiss arguing that (1) the Court lacked subject matter jurisdiction over defendants, sued in their official capacity; (2) Plaintiffs are not entitled to injunctive relief for claims against defendants in their official capacity; (3) the Court lacked personal jurisdiction over defendants in their individual capacity due to defective service; (4) Plaintiffs' claims fail to state a *Bivens* claim; and (5) Defendants are entitled to qualified immunity. *See* generally ECF No. 25. All pretrial matters were referred to the Magistrate Judge assigned to this case, and Magistrate Judge Kimberly Altman issued a report and recommendation suggesting dismissal of the complaint in its entirety. ECF No. 30. Specifically, the R&R recommends dismissal because Plaintiffs fail to state a cognizable *Bivens* claim. *Id*. at PageID.191. The R&R also states that defendant

4

Hemingway could be dismissed for an additional reason that he is entitled to qualified immunity. *Id*. However, the other defendants are not entitled to qualified immunity, at this time; but the Court notes that as non-dispositive because of the failure to state a *Bivens* claim. *Id*. at 208-211. The R&R also addressed Defendants claims of insufficient service of process, which the Court agreed was insufficient but did not recommend dismissal as the remedy, especially considering dismissal based on the failure to state a cognizable *Bivens* claim. *Id*. at PageID.212.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). The

5

Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3, 2013 U.S. Dist. LEXIS 44411 at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted).

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

Both sides objected to the Magistrate Judge's R&R for different reasons, so the Court will address each of the objections in turn.

**A. Plaintiffs' Objections**

Plaintiffs lodge three objections to Magistrate Judge Altman's R&R. *See* ECF No. 36. All three of the objections relate to Plaintiffs' claims that they seek injunctive relief. *Id*. at PageID.233-235. First, Plaintiffs' claim that Magistrate Judge Altman incorrectly stated the procedural posture of the case failing to include that Plaintiffs were seeking injunctive relief. *Id*. at PageID.233. The Court finds this objection without merit. Judge Altman simply described how the case proceeded after Plaintiffs' response to an order to show cause on why the case should not be dismissed because they were now married. ECF No. 8. In that response, Plaintiffs specifically state, "Even if in theory, the court rendered the case moot due to defendants change in conduct. Plaintiff's claims should be allowed to proceed as the plaintiff seeks a claim for damages." *Id*. at PageID.52. Nonetheless, this objection has no bearing on the outcome of the motion for summary judgement; and therefore, it is overruled.

In the next two objections, Plaintiffs argue that their official capacity claims should not be dismissed as moot because they seek injunctive relief for their visitation and failure to protect claims. ECF No. 36. at PageID.234-235. Plaintiffs claim that they were denied visitation based on discriminatory means. However, Plaintiff claim fails as a matter of law. Plaintiffs have no absolute constitutional right to visitation. *See Block v. Rutherford*, 468 U.S. 576, 589 (1984). A Fourteenth

Amendment claim cannot survive if Plaintiff cannot prove that they had a constitutionally protected right that was violated. Consequently, this objection is overruled.

Plaintiffs also argue that their request for injunctive relief on the failure to protect claim is not moot. However, Plaintiffs did not seek injunctive relief as to that claim. *See* ECF No. 1 at PageID.27-28. Even construing *pro se* complaints liberally, the Court is not permitted to "rewrite a complaint to include claims that were never presented." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Therefore, that objection is overruled.

### B. Defendants' Objection

Defendants Grimsley, Fisher, Polkinghorn and Grimm lodge a single objection to Magistrate Judge Altman's R&R. *See* ECF No. 31. They request that the Court accept the recommendation to dismiss the action for failure to state a cognizable *Bivens* claim; however, they ask the Court to reject the section of the R&R that states they are not entitled to qualified immunity. *Id*. at PageID.221.

Having received no objection to dismissal based on failure to state a cognizable *Bivens* claim, the Court will accept the R&R's recommendation of dismissal on that ground. *Thomas*, 474 U.S. at 149 (failure to object to an R&R

releases the Court from its duty to independently review the matter); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions"). Because the Court finds that the failure to state a cognizable *Bivens* claim is dispositive alone, the Court does not reach a decision on Defendants' objection regarding their entitlement to qualified immunity. The Court declines to consider this objection because no ruling on it would affect the disposition of the motion before the Court.

Accordingly, the recommended disposition of Magistrate Judge Altman's Report and Recommendation (ECF No. 30) is **ACCEPTED AND ADOPTED**. Defendant Grimsley, Fisher, Polkinghorn and Grimm's Objections (ECF No. 31) are **TERMINATED AS MOOT** and Plaintiffs' Objections (ECF No. 36) are **OVERRULED**.

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Complaint (ECF No. 13) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**THIS IS A FINAL ORDER THAT CLOSES THE CASE.**

**IT IS SO ORDERED.**

Dated: July 31, 2024                                         s/Brandy R. McMillion
                                                             Hon. Brandy R. McMillion
                                                             United States District Judge